STATE on the relation of GEORGE W. FOUST *v.* R. M. STAFFORD and others.

In an action against a Sheriff for negligence and not using due diligence in endeavoring to collect a judgment, the execution on which had been regularly placed in his hands, the defence being that the execution was held up by direction of the plaintiff; and on the trial, the jury find all issues in favor of the defendant: *Held*, that it was no ground for a new trial, that the jury failed to give the plaintiff nominal damages, under the instruction of the Court.

CIVIL ACTION, tried before *Tourgee, J.*, and a jury at the Fall Term, 1871, of GUILFORD Superior Court; and afterwards, to-wit: 26 April, 1872, determined by his Honor at Chambers.

The plaintiff brought this action against the defendant, Stafford, who was Sheriff of Guilford, and others, his sureties, alleging that in 1867, he, the plaintiff, obtained a judgment in the Court of Pleas and Quarter Session of that county, against one Wharton and one Coble for $313.50 and costs; that he caused to be issued, 17th December, 1867, *a fieri facias* on said judgment, which came into the hands of the defendant, Stafford, who from the want of due diligence and by reason of negligence, failed to make the money, whereby it was lost to the plaintiff.

In his answer, the defendant, Stafford, admits the receipt of the execution, and the fact, that at the time, the judgment might have been collected out of Coble, one of the judgment debtors, (Wharton being admitted by all parties to be insolvent,) and relies, as a defence, and so alleges, that the execution was held up by the direction of the plaintiff, until Coble himself became insolvent.

. On the trial, the jury found all the issues in favor of the defendants, when the plaintiff gave notice of an appeal to this Court. The record sent up then states:

" Afterwards, to-wit: the 26th of April, 1872, at Chambers in Greensboro, the following proceedings were had:

STATE *ex rel.* FOUST *v.* STAFFORD *et al.*

SUPERIOR COURT—*Guilford County* :

State on the relation of
   G. W. Foust, plaintiff
      against
   R. M. Stafford, defendant
   and others.

At Chambers, at Greensboro, Saturday, the 26th day of April.

In the action a verdict and judgment having been rendered in favor of the defendants at Fall Term, 1871, and the plaintiff having moved at the trial term, for a new trial, on the ground that the jury should have rendered a verdict in favor of the plaintiff for nominal damages, according to the instructions of the Court, and said motion being continued regularly at Chambers, from time to time, until this time : on consideration of the motion, the Court being satisfied, that the relator, according to the charge of the Court, was entitled to a verdict for nominal damages and no more ; and the defendants offering to pay a penny and costs, and forthwith doing the same : thereupon, it is adjudged by the Court, that the motion for a new trial be overruled.

A. W. TOURGEE, Judge, &c. '

From which judgment the plaintiff appeals, and assigns for error, the refusal of the Judge to grant the new trial asked for, on the statements and admissions contained in the order (judgment) itself.

*Scott*, for appellant.
*Dillard, Gilmer & Smith*, contra.

SETTLE, J.   This is an action upon a sheriff's bond, in which he and his sureties are sought to be held liable, for his failure to collect, under a *fi. fa.*, placed in his hands, a debt of $313.50 with interest and costs, due by judgment from T. G. Wharton and David Coble, the defendants in the execution, to the relator.

It appears, from the complaint in this action, that at the time of the rendition of the judgment against Wharton and Coble,

the defendant Wharton was wholly insolvent, and that he has continued so ever since; and further, that Coble soon thereafter became whollly insolvent; but it is insisted that "by the want of due diligence, and by the reason of the negligence" of the defendant Stafford, the relator has lost his debt.

The defendant Stafford admits that when the execution came into his hands, the money might have been made out of at least one of the defendants, but he avers that the execution was withheld, and indulgence given, by the direction of the relator.

Upon these pleadings, the parties go the jury, who find all issues in favor of the defendants.

So we are to take it that the defence relied upon is true, and if so, it was a complete defence, and the verdict should not have been disturbed.

But the plaintiff moved his Honor for a new trial, upon the ground that the jury had not given nominal damages. in accordance with the instructions of the Court, and thereupon his Honor, as appears from the judgment which he signed, and which is sent by counsel who settled the case to this Court, "being satisfied that the relator, according to the charge of the Court, was entitled to a verdict for nominal damages, and no more;" permitted the defendant to pay a penny and the costs, and overruled the motion for a new trial.

Thereupon the plaintiffs appealed. There is no assignment of errors, in the charge of his Honor, and, as already said, as far as we can see from the case agreed by counsel, he might have well refused to disturb the verdict in any manner.

However, since he did so, and the plaintiff was still dissatisfied, the charge of his Honor should have been set forth, or at least there should have been some assignment of errors, in order that this Court might pass intelligently upon the case.

Upon the record before us, we must say that there is no error.

PER CURIAM.                    Judgment affirmed.